United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40623
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARMANDO CASTILLO-BUSTAMANTE, also known as
Jorge Garcia,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-23-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Armando Castillo-Bustamante (Castillo) pleaded guilty to
illegally reentering the United States after having been deported
and after having been convicted of an "aggravated felony," a
violation of 8 U.S.C. § 1326(a) and (b).  The district court
sentenced him to an 18-month prison term and to two years of
supervised release.

      For the first time on appeal, Castillo argues that 8 U.S.C.
§ 1326(b) is unconstitutional under Apprendi v. New Jersey,

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

530 U.S. 466 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  As Castillo concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and Almendarez-Torres was not overruled by Apprendi.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Castillo also argues that the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the United States Sentencing Guidelines.  He concedes that this argument is foreclosed by this court's opinion in United States v. Pineiro, 377 F.3d 464, 465 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review.

AFFIRMED.